IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

EQUAL EMPLOYMENT )
OPPORTUNITY COMMISSION, )            CIVIL ACTION NO. 5:07cv00032
)
Plaintiff, )
)                                    COMPLAINT
v. )
)
NEW RIVER FABRICS, INC., )           JURY TRIAL DEMANDED
)
Defendant. )
_____ )

## NATURE OF THE ACTION

Plaintiff, the United States Equal Employment Opportunity Commission (the

"Commission"), brings this action to compel Defendant, New River Fabrics, Inc. ("Defendant"),

to comply with a Mediation Settlement Agreement reached between the Commission, Defendant

and the Charging Party, Brenda Corpening, and to provide appropriate relief to Ms. Corpening.

Specifically, on August 23, 2006, the Commission, Defendant, and Ms. Corpening entered into a

Mediation Settlement Agreement in settlement of EEOC Charge No. 430-2006-04213, filed by

Brenda Corpening against Defendant.  The Commission alleges that Defendant breached the

Mediation Settlement Agreement when it failed to abide by the terms of the agreement, as further

discussed herein.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42

U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42

U.S.C. § 1981a.

2.      The unlawful employment practices alleged below were and are now being

committed within the jurisdiction of the United States District Court for the Western District of

North Carolina.

PARTIES

3.      Plaintiff is an agency of the United States of America charged with the

administration, interpretation, and enforcement of Title VII, and enforcement of Title I of the

ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §

12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. §§ 2000e-5(f)(1)

and (3).

4.      At all relevant times, Defendant has continuously been a North Carolina

corporation doing business in the state of North Carolina and the county of Catawba, and has

continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections

701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.      More than thirty (30) days prior to the institution of this lawsuit, Brenda

Corpening filed a charge with the Commission alleging violations of Title I of the Americans

with Disabilities Act of 1990, 42 U.S.C. §§ 12101, et seq. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      After receipt of Ms. Corpening's charge, Defendant voluntarily accepted the Commission's offer to mediate the charge allegations, pursuant to the Commission's Alternative Dispute Resolution ("ADR") program. On August 23, 2006, a mediation was held in the Commission's Charlotte District Office. Brenda Corpening and a representative of Defendant were present for the mediation.

9.      As a result of the mediation, the Commission, Defendant and Brenda Corpening entered into a Mediation Settlement Agreement dated August 23, 2006. A true and correct copy of the Mediation Settlement Agreement is attached to this complaint as Exhibit A.

10.     Paragraph 5 of the Mediation Settlement Agreement states, "This document constitutes a final and complete statement of the agreement between the parties." Paragraph 7 of the Mediation Settlement Agreement provides in pertinent part:

> As evidence of good faith effort to resolve EEOC Charge Number(s) 430-2006-04213, the (sic) New River Fabrics, Inc. offers and Brenda Corpening accepts the following proposal of settlement:
>
> b.  [New River Fabrics] will employ [Brenda Corpening] as a part time Creeler, 2nd shift and paid at $8.25.
>
> c.  Should a full time Creeler position 2nd shift become available, [Brenda Corpening] will be hired for that position.

11.     On information and belief, at some time after August 23, 2006, Defendant had a full-time second shift Creeler position become available. Defendant did not hire Brenda Corpening for the full-time second shift Creeler position as required by the Mediated Settlement Agreement. On information and belief, in September 2006, Defendant replaced Brenda

Corpening in her position as part-time Creeler second shift, with another employee, thereby terminating Ms. Corpening's employment with Defendant.

12.     Defendant's failure to abide by the terms of the Mediation Settlement Agreement constitutes a breach of the agreement.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.     Order Defendant to comply with the Mediation Settlement Agreement entered into by the Commission, Defendant and Brenda Corpening, on August 23, 2006, by instating Ms. Corpening as a full-time Creeler, second shift.

B.     Order Defendant to make whole Brenda Corpening by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial.

C.     Grant such further relief as the Court deems necessary and proper in the public interest.

D.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its Complaint.


DATED this the 15th day of March, 2007.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

_____/S/_____
LYNETTE A. BARNES (NC Bar 19732)
Regional Attorney
Email: lynette.barnes@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

TRACY SPICER (MD Bar 08671)
Supervisory Trial Attorney
Email: tracy.spicer@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

_____/S/_____
CORBETT L. ANDERSON (PA Bar 77027)
Trial Attorney
Email: corbett.anderson@eeoc.gov
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Washington Field Office
1801 L Street, N.W., Suite 100
Washington, D.C. 20507
Telephone:     (212) 419-0724
Facsimile:     (212) 419-0701

ATTORNEYS FOR PLAINTIFF