# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:07cv32

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) |
| NEW RIVER FABRICS, INC., | ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The Commission's complaint alleges that New River Fabrics, Inc. ("Defendant") breached a Mediation Settlement Agreement entered into by Brenda Corpening, Defendant, and the Commission in settlement of EEOC Charge No. 430-2006-04213.

The Commission and the Defendant hereby stipulate to jurisdiction of the

Court over the parties and agree that the subject matter of this action is properly before the Court. The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, and after conducting an independent review of the pleadings and the proposed Consent Decree in Chambers, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 14 below.

**IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED** as follows:

1. Defendant shall not discriminate against any person on the basis of disability within the meaning of the ADA.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute, nor shall Defendant coerce, intimidate, threaten, or interfere with any individual in the exercise or

enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

3. Defendant shall pay Brenda Corpening the sum of $16,000 in monetary relief. Defendant shall make said payment by issuing four checks payable to Brenda Corpening in four equal amounts. Defendant shall mail each check to Brenda Corpening at an address provided by the Commission. Within ten (10) days after each check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the check and proof of its delivery to Brenda Corpening.

(a) The first payment of $4,000 shall be made within fifteen (15) calendar days after the Court approves this Consent Decree.

(b) The second payment of $4,000 shall be made 30 calendar days after the first payment.

(c) The third payment of $4,000 shall be made 60 calendar days after the first payment.

(d) The fourth and final payment of $4,000 shall be made 90 calendar days after the first payment. Defendant will take ordinary and normal payroll withholdings from the final four thousand and no/100 ($4,000.00) based only on this $4,000 payment which represents back pay.

Defendant agrees that if it fails to timely make any one or more of the scheduled monetary payments, Defendant shall within twenty (20) days of the date the missed payment was due, sign a stipulation for a consent judgment to be entered against Defendant for all unpaid money.

4. Within ten (10) days of the entry of this decree by the Court, Defendant shall eliminate from the employment records of Brenda Corpening any and all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge No. 430-2006-04213, or which led to EEOC's filing of the instant lawsuit, and the related events that occurred thereafter.

5. Within ninety (90) days of the judicial approval of this Decree, Defendant shall adopt an equal employment opportunity policy which shall include a discussion of the ADA and its prohibitions against discrimination on the basis of an actual disability, perceived disability, or a record of a disability. The equal employment opportunity policy shall set forth procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. No later than ninety five (95) days after the judicial approval of this Decree, Defendant shall forward a copy of the above-referenced policy to EEOC, to the attention of Tracy Hudson Spicer, Supervisory Trial Attorney, Equal Employment Opportunity Commission, Washington Field Office, 1801 L Street, N.W., Suite 100, Washington, D.C. 20507-1002. EEOC

shall have ten (10) business days to review the policy to ensure compliance with the requirement in this paragraph and to communicate such in writing. Defendant shall distribute the policy to all employees no later than five (5) business days after receiving EEOC's communication that it has reviewed the policy and finds it in compliance with this paragraph. Thereafter, Defendant shall distribute the policy to all employees no less than annually during the term of this Decree, and shall distribute the policy to all new employees and review it with them at the time of hire.

6. On the date the policy described in paragraph 5, *supra*, is first distributed to employees, Defendant shall post the policy in its offices in places where it is visible to employees, and it shall remain posted during the term of this Decree. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within ten (10) days after the policy is distributed and posted, Defendant shall notify the EEOC that it has been distributed and posted.

7. During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of the ADA, including its prohibition against retaliation, interference, coercion, or intimidation. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5 above, and an explanation of the rights and

responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred twenty (120) days after entry of the decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to the program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's offices, interview employees and examine and copy documents. The Commission may, with two

business days notice to Defendant, interview employees and examine and copy documents.

10. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have fifteen (15) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of fifteen (15) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

11. The term of this Decree shall be for three (3) years from its entry by the Court.

12. All reports or other documents sent to the Commission by Defendant pursuant to this Decree, except as set forth in paragraph 5 above, shall be sent to: Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

13. Each party shall bear its own costs and attorney's fees.

14. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate. The **Clerk of this Court**, however, is **GRANTED** leave to <u>administratively</u> close this action upon entry of this Consent Decree, subject to reopening upon motion of any party or upon the court's own motion.

The undersigned consent, on behalf of the parties, to the entry of the foregoing Consent Decree on the 29th day of April, 2008.

| | |
|---|---|
| **/s/ Lynette A. Barnes**<br>Lynette A. Barnes<br>NC Bar No. 19732<br>lynette.barnes@eeoc.gov<br>Equal Employment Opportunity Commission<br>Charlotte District Office<br>129 West Trade Street, Suite 400<br>Charlotte, NC 28202<br>Telephone: 704-344-6878<br>Facsimile: 704-344-6780<br><br>**/s/ Tracy H. Spicer**<br>Tracy H. Spicer<br>MD. Bar No. 08671<br>E-mail: tracy.spicer@eeoc.gov<br><br>**/s/Corbett L. Anderson**<br>Corbett L. Anderson<br>PA Bar No. 77027<br>E-mail: corbett.anderson@eeoc.gov<br><br>Equal Employment Opportunity Commission<br>Washington Field Office<br>1801 L Street, N.W., Suite 100<br>Washington, DC 20507<br>Telephone: 212-419-0724<br>Facsimile: 212-419-0701<br><br>*ATTORNEYS FOR PLAINTIFF* | **/s/Kenneth P. Carlson, Jr.**<br>Kenneth P. Carlson, Jr.<br>NC State Bar No. 17361<br>Email: kcarlson@constangy.com<br><br>**/s/Kristine M. Sims**<br>Kristine M. Sims<br>NC State Bar No. 26903<br>Email: ksims@constangy.com<br><br>CONSTANGY, BROOKS & SMITH, LLC<br>100 North Cherry Street, Suite 300<br>Winston-Salem, NC 27101<br>Telephone: (336) 721-1001<br>Facsimile: (336) 748-9112<br><br>*ATTORNEYS FOR DEFENDANT* |

The court conducted its review and grants its approval of this Consent Decree in Chambers in Asheville, North Carolina, on April 30, 2008.

Signed: April 30, 2008

Dennis L. Howell
United States Magistrate Judge